# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KYLE EYRE as Personal Representative of the Estate of CODY EYRE,<br><br>                  Plaintiff,<br><br>    v.<br><br>THE CITY OF FAIRBANKS, a municipal corporation, RICHARD SWEET, TYLER LARIMER, the STATE OF ALASKA, ELONDRE JOHNSON, NATHANIEL JOHNSON, JAMES THOMAS III, and CHRISTINE JOSLIN<br><br>                  Defendants. | Case No. 4:19-cv-00038-SLG |

**ORDER RE DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING**

Before the Court at Docket 25 is Defendant City of Fairbanks' Motion to Dismiss for Lack of Standing. Defendants State of Alaska, Elondre Johnson, Nathaniel Johnson, James Thomas III, and Christine Joslin joined the motion at Docket 26. Defendants Richard Sweet and Tyler Larimer joined the motion at Docket 27. Plaintiff responded in opposition at Docket 28. Defendant City of Fairbanks replied at Docket 30. Plaintiff filed a Supplemental Submission in Support of Opposition to Motion to Dismiss Re Standing at Docket 31. Oral argument was not requested and was not necessary for the Court's decision.

## BACKGROUND

Plaintiff's Complaint alleges that on December 24, 2017, 22-year-old Cody Dalton Eyre was shot and killed by officers of the City of Fairbanks Police Department and troopers with the State of Alaska Department of Public State.[1] Plaintiff is Cody Eyre's father.[2] On December 2, 2019, Plaintiff commenced this action against the City of Fairbanks, Richard Sweet, Tyler Larimer, the State of Alaska, Elondre Johnson, Nathaniel Johnson, James Thomas III, and Christine Joslin.[3] The Complaint alleges that Plaintiff is the personal representative of the Estate of Cody Dalton Eyre (the "Estate") and brings this action on behalf of the Estate.[4] Plaintiff asserts nine causes of action against the defendants (individually or collectively) including: common law negligence,[5] negligent failure to train and supervise,[6] excessive force in violation of 42 U.S.C. § 1983,[7] failure to

---

[1] Docket 1 at 1, ¶ 1.

[2] Docket 29 at 3, ¶ 6.

[3] Docket 1 at 3–4, ¶¶ 5–13. Plaintiff lists "John Does 1-10" as place-holder defendants should he identify further defendants during discovery. Docket 1 at 5, ¶ 14. Plaintiff also identifies Ron Dupree as a defendant in the Complaint, Docket 1 at 3, ¶ 9, but does not include him in the case caption. It does not appear a summons was issued for him and he has not appeared in the action.

[4] Docket 1 at 2, ¶¶ 1, 4.

[5] Docket 1 at 9–10, ¶¶ 41–44.

[6] Docket 1 at 10–11, ¶¶ 45–50.

[7] Docket 1 at 11, ¶ 53.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 2 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 2 of 16

accommodate in violation of the Americans with Disabilities Act ("ADA"),[8] failure to train in violation of the ADA,[9] violation of the Rehabilitation Act ("RA"),[10] individual liability for wrongful death,[11] vicarious liability for wrongful death,[12] and assault and battery.[13]

On April 17, 2020, Defendant City of Fairbanks (the "City") filed the instant motion to dismiss for lack of standing, contending that Plaintiff was barred by Alaska probate law from asserting claims for the Estate because he had not been appointed the Estate's personal representative.[14] The City's motion was joined by the remaining named defendants.[15] On May 4, 2020, Plaintiff opposed the motion and represented that he had since been appointed the Estate's personal representative on April 29, 2020.[16] On May 20, 2020, Plaintiff supplemented his

---

[8] Docket 1 at 11–12, ¶¶ 54–61.

[9] Docket 1 at 13, ¶¶ 62–64.

[10] Docket 1 at 13–14, ¶¶ 65–69.

[11] Docket 1 at 14–15, ¶¶ 70–77.

[12] Docket 1 at 15–16, ¶¶ 78–81.

[13] Docket 1 at 16, ¶ 82.

[14] Docket 25.

[15] *See* Docket 26 (joinder by State of Alaska, Elondre Johnson, Nathaniel Johnson, James Thomas III, and Christine Joslin) and Docket 27 (joinder by Richard Sweet and Tyler Latimer).

[16] Docket 28 at 2.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 3 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 3 of 16

opposition with the state court order appointing him as the personal representative of the Estate of Cody Eyre.[17]

## JURISDICTION

This Court has jurisdiction over Plaintiff's 42 U.S.C. § 1983, ADA, and RA claims pursuant to 28 U.S.C. § 1331, which provides for federal question jurisdiction, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## LEGAL STANDARD

### I. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek to dismiss a complaint for "lack of subject-matter jurisdiction." "The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing . . . ."[18] "Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication."[19] When a defendant challenges subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proof of establishing jurisdiction.[20]

---

[17] Docket 31-1 at 1.

[18] *Chandler v. State Farm Mut. Auto. Ins. Co*, 598 F.3d 1115, 1121 (9th Cir. 2010) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

[19] *Id*. (citing Erwin Chemerinsky*, Federal Jurisdiction* § 2.3.1, at 57 (5th ed. 2007)).

[20] *See Bishop Paiute Tribe v. Inyo Cty.,* 863 F.3d 1144, 1151 (9th Cir. 2017) ("The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction. Dismissal for lack of jurisdiction is appropriate if the complaint, considered in its entirety,

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 4 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 4 of 16

## II. The Role of the Personal Representative

"Alaska probate law . . . establishes a comprehensive scheme for the representation of an estate in legal matters [that] . . . relies on the personal representative to act on the estate's behalf and does not allow others to exercise those powers."[21] Personal representatives must be court-appointed and their "duties and powers 'commence upon appointment,'" but "also 'relate back in time' to prior acts by the appointed person."[22] "A personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative."[23]

Among other duties, personal representatives "are authorized to . . . 'prosecute or defend claims[] or proceedings . . . for the protection of the estate.'"[24] They have the "same standing to sue and be sued . . . as the decedent had immediately before death."[25] Under Alaska law, "[a]ll causes of action by one

---

on its face fails to allege facts sufficient to establish subject matter jurisdiction." (citation omitted) (quoting *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008))).

[21] *Hester v. Landau*, 420 P.3d 1285, 1289 (Alaska 2018).

[22] *Id.* at 1288 (quoting AS 13.16.340).

[23] AS 13.16.340.

[24] *Hester*, 420 P.3d at 1288 (quoting AS 13.16.410(22) (alteration and second omission in original)).

[25] AS 13.16.350(c); *see also Hester*, 420 P.3d at 1288 ("Although neither provision explicitly states that this grant of authority is exclusive or that no other person may take such actions on behalf of the estate, the only person to whom they delegate is the personal representative.").

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 5 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 5 of 16

person against another . . . survive to the personal representative[]."²⁶ Further, Alaska law provides that:

> [W]hen the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefore against the latter, if the former might have maintained an action, had the person lived, against the latter for an injury done by the same act or omission.²⁷

## DISCUSSION

The City contends that a "party's standing to bring a civil rights lawsuit in this court is guided by 42 U.S.C. § 1988 which requires that a party must have standing under the state's wrongful death or survivor statutes to bring claims under 42 U.S.C. §§ 1981, 1983, and 1988."²⁸ When the City filed its motion to dismiss, Plaintiff was not the Estate's personal representative. Therefore, the City maintains that Plaintiff lacks standing to pursue this action.²⁹

In opposition to the City's motion, Plaintiff acknowledges that, as of the filing of the Complaint in December 2019, Kyle Eyre had not been appointed as personal representative.³⁰ According to Plaintiff's counsel, his office had instructed Mr. Eyre

---

²⁶ AS 09.55.570.

²⁷ AS 09.55.580(a). "[T]he purpose of creating the action was primarily to compensate those who had suffered direct losses as a result of decedent's death." *In re Estate of Pushruk*, 562 P.2d 329, 331 (Alaska 1977). "Under the statute, . . . only the personal representative may institute an action." *Id.* at 333.

²⁸ Docket 25 at 3 (citing *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004)).

²⁹ Docket 25 at 5.

³⁰ Docket 28 at 2.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 6 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 6 of 16

to file documents to initiate probate in November 2018 (more than a year before filing the Complaint), but that Mr. Eyre had misunderstood and not done so.[31] Plaintiff's counsel maintains that they did not realize the error until the City flagged it in the instant motion, at which time they immediately filed the necessary documents and obtained the appointment order in April 2020.[32] Plaintiff asserts that "Kyle Eyre's appointment as personal representative 'relates back' in time to his filing of the Complaint" on December 2, 2019.[33]

In its reply brief, the City contends that because "Plaintiff did not have legal authority to bring this lawsuit on behalf of the estate," it was "a nullity at the time it was filed."[34] The City also contends that the subsequent appointment as personal representative does not relate back to the time of the filing of the Complaint, and that the applicable statute of limitations expired on December 24, 2019.[35]

---

[31] Docket 29 at 2, ¶¶ 2–3. According to counsel's affidavit accompanying Plaintiff's opposition, Mr. Eyre had "filed a different document to establish his right to act on behalf of his son's military life insurance." Docket 29 at 2, ¶ 3.

[32] Docket 29 at 2, ¶¶ 3–4.

[33] Docket 28 at 2 (citing AS § 13.16.340, which provides:

> The duties and powers of a personal representative commence upon appointment. The powers of a personal representative relate back in time to give acts by the person appointed that are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter. . . . A personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative.).

[34] Docket 30 at 4.

[35] Docket 30 at 4.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 7 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 7 of 16

The City moves to dismiss the instant action under Rule 12(b)(2) for "lack of personal jurisdiction based upon a lack of standing."[36] However, "[b]ecause standing . . . pertain[s] to federal courts' subject matter jurisdiction, [it is] properly raised in a Rule 12(b)(1) motion to dismiss."[37]

The Court addresses first the City's contention that a party bringing a civil rights lawsuit must have standing under the state's wrongful death or survivor statutes. The Court agrees with the City that under Alaska law, only a personal representative may bring Plaintiff's state law claims.[38] However, the Court must consider whether Alaska's survivorship laws limit standing for each of Plaintiff's federal claims.[39]

"In § 1983 actions, . . . the survivors of an individual killed as a result of [a constitutional violation] may assert a . . . claim on that individual's behalf if the relevant state's law authorizes a survival action."[40] Accordingly, Plaintiff must meet Alaska's survivorship requirements to maintain a § 1983 claim on behalf of the Estate.

---

[36] *See* Docket 25 at 1.

[37] *Chandler v. State Farm Mut. Auto. Ins. Co*, 598 F.3d 1115, 1122 (9th Cir. 2010).

[38] *Hester v. Landau*, 420 P.3d 1285, 1289 (Alaska 2018).

[39] Docket 1 at 13–14, ¶¶ 65–69.

[40] *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013) (first omission in original) (quoting *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998)); *see also Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1051–54 (9th Cir. 2018) (holding that California's survivorship law applied to § 1983 action).

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 8 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 8 of 16

In contrast, "Congress did not provide a scheme for survivorship of ADA or RA claims after death."[41] The Ninth Circuit recently held that "[state] survivorship law does not govern . . . claims under those statutes."[42] Instead, "a uniform federal rule of survivorship" applies to such claims.[43] In discussing "the limits of who federal common law would permit to bring suit" under the ADA or RA, the Ninth Circuit cited with approval an opinion from the district court for the Southern District of California that permitted a mother to bring a claim under the Affordable Care Act on behalf of her deceased child.[44] Accordingly, the Court concludes that under federal common law, Kyle Eyre is permitted to bring survivorship claims for compensatory damages under the ADA and RA on behalf of his son Cody Eyre.[45] Because Plaintiff need not establish that he meets the requirement of Alaska's

---

[41] *Wheeler*, 894 F.3d at 1054.

[42] *Id.* at 1055.

[43] *Id.* at 1056.

[44] *See id.* at 1057 (citing *Prescott v. Rady Children's Hosp.-San Diego*, 265 F. Supp. 3d 1090, 1100 (S.D. Cal. 2017)); *see also Lopez v. Regents of the Univ. of Cal.,* 5 F. Supp. 3d 1106, 1114, 1119–20 (N.D. Cal. 2013) (holding that under federal common law, student's Title IX claim survives death and parents have standing to bring claim on her behalf).

[45] Only Plaintiff's compensatory damages claims under the ADA and RA survive because, as the Ninth Circuit explained in *Wheeler,* "under federal common law, federal claims typically survive a decedent's death if they are remedial in nature and not penal." 894 F.3d at 1056–57. For this reason, "the ADA and RA compensatory claims do not abate due to [a plaintiff's] death, although the punitive claims do." *Id.*

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 9 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 9 of 16

survivorship laws to maintain his ADA and RA claims against the defendants, the Court will deny the City's motion to dismiss as it pertains to those claims.

The Court turns next to the City's contentions that Plaintiff's remaining claims must be dismissed as they were a nullity as of filing and are time-barred. The City contends that because "Plaintiff did not have legal authority to bring this lawsuit on behalf of the estate . . . this lawsuit was a nullity at the time it was filed."[46] The Court disagrees; the City does not cite any authority for this proposition and the Federal Rules of Civil Procedure expressly provide procedural remedies for parties in such circumstances. For example, Rule 17(a) provides that "[c]ourts 'may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.'"[47] Similarly, Rule 15 allows plaintiffs to cure jurisdictional defects by amendment of or supplement to their pleadings.[48] These rules presuppose that an action is not necessarily "a nullity at the time it was filed" simply because the wrong plaintiff brought suit, as the City contends.

---

[47] *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017) (quoting Fed. R. Civ. P. 17(a)(3)).

[48] *See* Fed. R. Civ. P. 15; *see also e.g., Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1044 (9th Cir. 2015) (holding that "Rule 15(d) permits a supplemental pleading to correct a defective complaint" and affirming district court's conclusion that "parties may cure standing deficiencies through supplemental pleadings").

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 10 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 10 of 16

The City next contends that because "Plaintiff failed to perfect his representative capacity to bring claims on behalf of the estate before the limitations period had lapsed," the case must be dismissed.[49] It is undisputed that although Kyle Eyre alleged he was the personal representative of the Estate of Cody Eyre in the Complaint filed on December 2, 2019,[50] he was not formally appointed as such until April 29, 2020,[51] several months after the statute of limitations had expired on some of Plaintiff's claims.[52] Accordingly, at issue is whether Plaintiff's appointment as personal representative relates back to the date of the Complaint such that Plaintiff's claims are not time-barred.

After the probate court formalized his status as personal representative of the Estate, Plaintiff ratified the Complaint as of its filing and asserted that he sought

---

[49] Docket 30 at 4 (citing *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018)). Although the City contends that the statute of limitations is two years for an action "against a peace officer for acts done in an official capacity" and for actions in tort, Docket 30 at 2–3 (citing AS 09.10.070(b); AS 09.55.580(a)), it does not provide the statute of limitations for Plaintiff's ADA and RA claims. However, because the Court will deny the City's motion as to Plaintiff's ADA and RA claims, it need not consider the statute of limitations for those claims.

[50] Docket 1 at 2, ¶ 4 ("Plaintiff, Kyle Eyre, is the personal representative of the Estate of Cody Dalton Eyre and is authorized to bring this Complaint to redress for the injuries and damages sustained as a result of the conduct alleged in this complaint.").

[51] Docket 28 at 2; *see also* Docket 31-1 at 1.

[52] AS 09.55.580 provides that the statute of limitations for a wrongful death action is two years. Similarly, the statute of limitations for actions in tort is two years from the accrual of the cause of action. *See* AS 09.10.070. It is undisputed that Plaintiff's causes of action accrued on December 24, 2017. *See* Docket 1 at 7, ¶ 34; Docket 25 at 2.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 11 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 11 of 16

to proceed with the litigation.[53]  Federal Rule of Civil Procedure 17(a)(3) provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until . . . a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  As the Ninth Circuit has explained, the core purpose of Rule 17(a) is "to prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made."[54]  It is not, however, "a provision to be distorted by parties to circumvent the limitations period" or to protect a plaintiff who "files a lawsuit to toll the statute of limitations and later obtains a cause of action."[55]

When a plaintiff has cured the defect before the court considered the dismissal or where a plaintiff made an understandable mistake in failing to formally secure personal representative status, district courts have allowed time-barred claims to proceed.  For instance, in *In re Seaway Co. of Catalina*, the plaintiff filed a timely claim under the Death on the High Seas Act on behalf of his late mother's estate, but was not appointed its personal representative until after the statute of limitations had expired.[56]  The district court held that the plaintiff nevertheless had standing because he had "cured the real party in interest issue within a reasonable

---

[53] Docket 29 at 3, ¶ 6.

[54] *Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989).

[55] *Id.* at 1075.

[56] No. CV-11-0336-PA, 2013 WL 877393, at *10 (C.D. Cal. Mar. 7, 2013).

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 12 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 12 of 16

time."[57] Similarly, in *Estate of Hirata v. Ida*, the plaintiff filed an ERISA action on behalf of her late spouse's estate, but was not appointed its personal representative until after the statute of limitations had expired.[58] The court reasoned that the "lack of authority at the time of the filing of the Complaint may not be fatal because, at the present time, she has the authority [to] sue on behalf of the Estate."[59]

In the instant action, Plaintiff alleged his claims as the Estate's personal representative; his failure to secure that appointment until April 2020 is an understandable mistake that arose from a miscommunication with his counsel. Moreover, the Court finds that Plaintiff, having cured the defect promptly after the City brought it to light, ratified the action within a reasonable time.[60] Alaska's

---

[57] *Id.*

[58] No. 10-00084-LEK, 2012 WL 3777148, at *12 (D. Hawaii, Aug. 28, 2012).

[59] *Id.*; *see also Brohan v. Volkswagen Mfg. Corp.*, 97 F.R.D. 46, 49, 50 (E.D.N.Y. 1983) (denying motion to dismiss plaintiff's wrongful death claim because "lateness in obtaining and pleading her appointment as executrix is the kind of technical mistake apparently contemplated by Rule 17(a)" and concluding that "[t]he fact that an applicable statute of limitations may have run before the real parties were substituted is not significant where the change is merely formal and in no way alters the known facts and issues on which the action is based" (quoting *Metro. Paving Co. v. Int'l Union of Operating Eng'rs*, 439 F.2d 300, 306 (10th Cir. 1971))).

[60] *Compare Hassanati v. International Lease Finance Corp.*, where the district court concluded that Rule 17(a) did not apply because "plaintiffs . . . took no steps to remedy their lack of standing for more than two years after being apprised of the deficiency by the court" and "*still* ha[d] taken no effective steps to secure appointment as the decedents' personal representatives" at the time of dismissal. 51 F. Supp. 3d 887, 902 (C.D. Cal. 2014) (emphasis in original), *aff'd* 643 F. Appx. 620 (9th Cir. 2016).

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 13 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 13 of 16

probate law explicitly provides that "a personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative."[61]  The City and the other named defendants have been on notice of the lawsuit and have not alleged prejudice as a result of Plaintiff's delay in formalizing his appointment as personal representative.  Moreover, as discussed above, Plaintiff had an independent basis for standing for his ADA and RA claims against the City arising from the same set of facts.

The City cites the Ninth Circuit's opinion in *Wheeler v. City of Santa Clara* in its briefing.[62]  In *Wheeler*, the plaintiff filed suit in his individual capacity and on behalf of his biological mother after she was shot and killed by police officers.[63]  In his complaint, the plaintiff named "John Doe 1" as the "to-be-identified personal representative" of the decedent's estate.[64]  But the "estate was not submitted to probate and no personal representative was appointed."[65]  The district court dismissed the plaintiff's claims without leave to amend, finding that the claims were barred by California's survivorship statute because the plaintiff was neither the

---

[61] AS 13.16.340.

[62] Docket 30 at 4 (citing 894 F.3d 1046, 1059 (9th Cir. 2018)).

[63] *Wheeler*, 894 F.3d at 1050.  At the time of the mother's death, the plaintiff had no legal relationship with his mother, having been adopted early as a young child.  *Id.* at 1058.

[64] *Id.* at 1050.

[65] *Id.*

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 14 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 14 of 16

personal representative nor the successor in interest of the decedent.[66]  On appeal, the Ninth Circuit affirmed, reasoning that "[e]ven assuming . . . that [the plaintiff] could have been appointed the personal representative, he was not . . . at the time of dismissal" and he "provides no authority that suggests a 'John Doe,' as yet nonexistent personal representative plaintiff can serve as a placeholder for hypothetical proper plaintiffs."[67]

In *Wheeler,* not only was the plaintiff not the personal representative of the estate, but no personal representative had even been identified or appointed at the time of dismissal.  Here, in contrast, Kyle Eyre has cured the defect in his status as personal representative and ratified the original Complaint before the Court reached the issue of standing.

Based on the foregoing, the Court will allow Plaintiff's ratification of the original Complaint in his capacity as court-appointed personal representative of the Estate and relate it back to the original complaint.  Accordingly, the Court will deny the City's motion to dismiss for lack of standing.  The Court's conclusion adheres to the Ninth Circuit's "longstanding policy in favor of deciding cases on the merits." [68]

---

[66] *Id.* at 1050–51.

[67] *Id.* at 1059.

[68] *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017).

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 15 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 15 of 16

## CONCLUSION

In light of the foregoing, Defendant City of Fairbanks' Motion to Dismiss for Lack of Standing at Docket 25 is DENIED.

DATED this 10th day of June, 2020 at Anchorage, Alaska.

<u>*/s/ Sharon L. Gleason*</u>
UNITED STATES DISTRICT JUDGE

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motion to Dismiss for Lack of Standing
Page 16 of 16
Case 4:19-cv-00038-SLG   Document 37   Filed 06/10/20   Page 16 of 16