# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KYLE EYRE as Personal Representative of the Estate of CODY EYRE,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF FAIRBANKS, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 4:19-cv-00038-SLG |

## ORDER RE STATE OF ALASKA'S MOTION TO DISMISS

Before the Court at Docket 18 is Defendant State of Alaska's Motion to Dismiss. Plaintiff responded in opposition at Docket 21. Defendant State of Alaska replied at Docket 24. Oral argument was not requested and was not necessary for the Court's decision.

## BACKGROUND

On December 24, 2017, 22-year-old Cody Dalton Eyre was shot and killed by police officers of the City of Fairbanks Police Department and troopers with the State of Alaska Department of Public Safety.[1] Plaintiff alleges that on the evening of December 24, 2017, Alaska State Troopers were informed that Cody Eyre was

---

[1] Docket 1 at 1, ¶ 1.

intoxicated, making suicidal threats, and carrying a gun with a single bullet.[2] After Cody's mother called 911 to request a welfare check for her son, the troopers and the Fairbanks police responded to the Farmer's Loop area where Cody was walking with his gun in his holster.[3] Plaintiff alleges that when Cody saw the officers, he became agitated, ran away from them, and held his gun to his head.[4] Cody threatened to shoot himself if the officers got any closer.[5] Plaintiff alleges that the "troopers and officers press[ed] forward in surrounding Cody," guns drawn, and ultimately opened fire and shot him ten times in the lower body; a "bullet graze[d] [Cody's] right arm" and he was "fatally shot in the back of his head."[6]

On December 2, 2019, Plaintiff Kyle Eyre commenced this action against the City of Fairbanks, Richard Sweet, Tyler Larimer, the State of Alaska, Elondre Johnson, Nathaniel Johnson, James Thomas III, and Christine Joslin.[7] Plaintiff asserts eight causes of action against the State of Alaska including: common law negligence,[8] negligent failure to train and supervise,[9] excessive force under 42

---

[2] Docket 1 at 5, ¶ 22.

[3] Docket 1 at 5, ¶ 24; Docket 1 at 6, ¶ 26.

[4] Docket 1 at 6, ¶ 27.

[5] Docket 1 at 6, ¶ 28.

[6] Docket 1 at 6–7, ¶¶ 29–30.

[7] Docket 1 at 3–4, ¶¶ 5–13.

[8] Docket 1 at 9–10, ¶¶ 41–44.

[9] Docket 1 at 10–11, ¶¶ 45–50.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re State of Alaska's Motion to Dismiss
Page 2 of 13
Case 4:19-cv-00038-SLG   Document 40   Filed 06/19/20   Page 2 of 13

U.S.C. § 1983,[10] failure to accommodate in violation of the Americans with Disabilities Act ("ADA"),[11] failure to train in violation of the ADA,[12] violation of the Rehabilitation Act ("RA"),[13] individual liability for wrongful death,[14] and vicarious liability for wrongful death.[15] Plaintiff seeks damages "sufficient to compensate for Cody Eyre's pre-death pain and suffering and wrongful death," as well as punitive damages, and any other relief the Court deems just.[16]

On March 13, 2020, Defendant State of Alaska ("the State") filed the instant motion to dismiss on the basis that all the claims against the State are barred by the Eleventh Amendment.[17]

## JURISDICTION

This Court has jurisdiction over Plaintiff's 42 U.S.C. § 1983, ADA, and RA claims pursuant to 28 U.S.C. § 1331, which provides for federal question jurisdiction, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

---

[10] Docket 1 at 11, ¶ 53.

[11] Docket 1 at 11–12, ¶¶ 54–61.

[12] Docket 1 at 13, ¶¶ 62–64.

[13] Docket 1 at 13–14, ¶¶ 65–69.

[14] Docket 1 at 14–15, ¶¶ 70–77.

[15] Docket 1 at 15–16, ¶¶ 78–81.

[16] Docket 1 at 16.

[17] Docket 25.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re State of Alaska's Motion to Dismiss
Page 3 of 13
Case 4:19-cv-00038-SLG   Document 40   Filed 06/19/20   Page 3 of 13

# LEGAL STANDARD

## I. Motion to Dismiss

"A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion."[18] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] When granting a motion to dismiss, a court is generally required to grant the plaintiff leave to amend, unless amendment would be futile.[20]

## II. Eleventh Amendment Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[21] The United States Supreme Court "ha[s] repeatedly held that this immunity also applies to unconsented suits brought

---

[18] *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017); *compare Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) ("Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit."), *with Eason v. Clark Cty. Sch. Dist.*, 303 F.3d 1137, 1140 (9th Cir. 2002) (deciding sovereign immunity issue on appeal of district court's grant of Rule 12(b)(6) motion).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[20] *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

[21] U.S. Const. amend. XI.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re State of Alaska's Motion to Dismiss
Page 4 of 13
Case 4:19-cv-00038-SLG   Document 40   Filed 06/19/20   Page 4 of 13

by a State's own citizens."[22]   This "principle of sovereign immunity is a constitutional limitation on the federal judicial power" that "applies regardless of the nature of the relief sought."[23]

However, there are exceptions to the States' Eleventh Amendment immunity: it can be waived by consent;[24] it "does not bar actions when citizens seek only injunctive or prospective relief against state officials" for ongoing violations of federal law;[25] and it can be abrogated by Congress acting in the exercise of its enforcement authority under Section 5 of the Fourteenth Amendment.[26]   To determine whether Congress has abrogated sovereign immunity, courts "must resolve two predicate questions: first, whether Congress unequivocally expressed its intent to abrogate that immunity; and second, if it did, whether Congress acted pursuant to a valid grant of constitutional authority."[27]

---

[22] *Tennessee v. Lane*, 541 U.S. 509, 517 (2004).

[23] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 100 (1984).

[24] *Id.* at 99.

[25] *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1072 (9th Cir. 2014) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

[26] *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99; *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000) ("Section 5 of the Fourteenth Amendment . . . grant[s] Congress the authority to abrogate the States' sovereign immunity.").

[27] *Kimel*, 528 U.S. at 73.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re State of Alaska's Motion to Dismiss
Page 5 of 13
Case 4:19-cv-00038-SLG   Document 40   Filed 06/19/20   Page 5 of 13

## DISCUSSION

The State moves to dismiss all Plaintiff's claims against it, contending they are barred by the Eleventh Amendment such that the Court "lacks jurisdiction to hear them."[28] The State's memorandum in support of its motion does not separately address each distinct claim against the State.

Plaintiff's opposition focuses on the ADA and RA claims. With respect to the ADA claims, Plaintiff contends that Congress abrogated the States' sovereign immunity in enacting Title II of the ADA, asserting that the Supreme Court has held that "Eleventh Amendment immunity is abrogated by Title II anytime the conduct underlying a Title II claim also constitutes a constitutional violation."[29] Plaintiff contends that the Fourth, Fifth, and Fourteenth Amendments are each implicated by his ADA claims, and thus that the State's Eleventh Amendment immunity has been "validly abrogated."[30] With respect to the RA claim against the State, Plaintiff contends that the Ninth Circuit has repeatedly held that States consent to suits under the RA if they accept federal RA funds.[31] Plaintiff's Complaint alleges that the State of Alaska has accepted such funds and Plaintiff maintains that the Court

---

[28] Docket 19 at 3.

[29] Docket 21 at 4 (citing *United States v. Georgia*, 546 U.S. 151, 159 (2006)).

[30] Docket 21 at 5.

[31] Docket 21 at 4 (citing *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 820 (9th Cir. 2001), *amended by* 271 F.3d 910 (9th Cir. 2001); *Clark v. California*, 123 F.3d 1267, 1271 (9th Cir. 1997)).

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re State of Alaska's Motion to Dismiss
Page 6 of 13
Case 4:19-cv-00038-SLG   Document 40   Filed 06/19/20   Page 6 of 13

"must hold that the State of Alaska is not immune from suit based on the Eleventh Amendment."[32]

In its reply brief, the State emphasizes that Plaintiff has not disputed that the majority of his claims against the State are barred by the Eleventh Amendment.[33] The State acknowledges that Section 5 of the Fourteenth Amendment empowers Congress to abrogate a State's sovereign immunity, but maintains that the abrogation is limited to those causes of action that vindicate Fourteenth Amendment rights.[34] The State argues that Plaintiff's ADA claims implicate the Fourth Amendment, not the Fourteenth Amendment.[35] The State concludes that "since Congress only abrogated state sovereignty as to claims for violations of substantive provision[s] of the Fourteenth Amendment under Title II of the ADA . . . plaintiff's claims . . . based on violations of the Fourth Amendment are barred."[36]

With respect to Plaintiff's RA claims, the State acknowledges that the RA "manifest[s] a clear intent to condition a state's participation on its consent to waive

---

[32] Docket 21 at 6 (citing *Douglas*, 271 F.3d at 820).

[33] Docket 24 at 1–2.

[34] Docket 24 at 3 (citing *United States v. Georgia*, 546 U.S. at 158).

[35] Docket 24 at 3. The State specifies that an "intentional shooting by a law enforcement officer constitutes a seizure for purposes of the Fourth Amendment" and that Plaintiff's claims should be analyzed under the Fourth Amendment "reasonableness" standard, and not the Fourteenth Amendment's "substantive due process" framework. Docket 24 at 4 (citing *Jensen v. City of Oxnard*, 145 F.3d 1078, 1078 (9th Cir. 1998); *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

[36] Docket 24 at 4–5.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re State of Alaska's Motion to Dismiss
Page 7 of 13
Case 4:19-cv-00038-SLG   Document 40   Filed 06/19/20   Page 7 of 13

its Eleventh Amendment immunity."[37] But the State's reply also maintains that under the RA, a plaintiff must be discriminated against "solely by reason of her or his disability."[38] The State asserts that "Plaintiff simply does not allege that Mr. Eyre's disability is the sole cause of his death as required for a Rehabilitation Act claim."[39]

## I.     Plaintiff's ADA Claims

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity."[40] In enacting the ADA, Congress "invoke[d] the sweep of congressional authority, including the power to enforce the fourteenth amendment."[41] The United States Supreme Court has interpreted the ADA's statement "that '[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter'" as an "unequivocal expression of Congress's intent to abrogate state sovereign immunity."[42]

---

[37] Docket 24 at 5.

[38] Docket 24 at 5 (quoting 29 U.S.C. § 794(a)).

[39] Docket 24 at 6.

[40] 42 U.S.C. § 12132.

[41] 42 U.S.C. § 12101(b)(4).

[42] *United States v. Georgia*, 546 U.S. 151, 154 (2006) (quoting 42 U.S.C. § 12202).

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re State of Alaska's Motion to Dismiss
Page 8 of 13
Case 4:19-cv-00038-SLG   Document 40   Filed 06/19/20   Page 8 of 13

However, the Supreme Court explained that it is not an absolute abrogation; rather, "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."[43]

In *United States v. Georgia*, the Supreme Court outlined a three-part test for districts courts to apply on a case-by-case basis, requiring them to determine:

> (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.[44]

Applying the *Georgia* test to the case at hand, the Court determines that Plaintiff's Title II claims against the State arise from allegations that the troopers used deadly violence against Cody Eyre and that he was "unlawfully seized, shot, and killed."[45] Plaintiff alleges that in doing so, the State of Alaska failed to make reasonable accommodations to address Cody's disability, thereby discriminating against him in violation of Title II of the ADA.[46] In *Sheehan v. City and County of San Francisco*, the Ninth Circuit held that "Title II of the Americans with Disabilities Act applies to arrests" and permits claims of failure to reasonably accommodate a

---

[43] *Id.* at 159 (emphasis in original).

[44] *Id.*

[45] Docket 1 at 13, ¶ 63.

[46] Docket 1 at 11–13, ¶¶ 54–64.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re State of Alaska's Motion to Dismiss
Page 9 of 13
Case 4:19-cv-00038-SLG   Document 40   Filed 06/19/20   Page 9 of 13

person's disability during an investigation or arrest.[47]  Thus, the Court finds that Plaintiff properly alleges claims under Title II.

Under the second prong of the *Georgia* test, the Court considers whether the alleged conduct also violates the Fourteenth Amendment.  Where, as here, "the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person."[48]  Thus, insofar as Plaintiff's allegations relate to an excessive use of force by the troopers against Cody Eyre, they fail to state a claim under the Fourteenth Amendment.

---

[47] 743 F.3d 1211, 1217, 1232 (9th Cir. 2014), *rev'd in part on other grounds by* 575 U.S. 600 (2015). Indeed, the instant case shares factual similarities with *Sheehan*.  In *Sheehan*, the police were called to assist with the transport of a patient suffering from mental illness who had threatened an employee at her assisted living facility.  *Id.* at 1215.  The patient threatened the officers with a knife, and they eventually shot her;  she survived and filed an action against the officers and the city bringing claims under 42 U.S.C. § 1983, the Fourth Amendment, and Title II of the ADA.  *Id.* at 1215–16.  The district court granted summary judgment to the defendants, but the Ninth Circuit reversed, reasoning that with respect to the ADA claims, "there [was] a triable issue whether the officers failed to reasonably accommodate [the plaintiff's] disability when they forced their way back into her room without taking her mental illness into account or employing generally accepted police practices for peaceably resolving a confrontation with a person with mental illness."  *Id.* at 1217.

[48] *Graham v. Connor*, 490 U.S. 386, 394–95 (1989) (omissions in original) (quoting U.S. Const. amend. IV) (holding that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.  Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.").

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re State of Alaska's Motion to Dismiss
Page 10 of 13
Case 4:19-cv-00038-SLG   Document 40   Filed 06/19/20   Page 10 of 13

Accordingly, the Court finds that the State's alleged conduct violates Title II but not the Fourteenth Amendment.

The State would have the Court halt its analysis here.[49] But the third part of the *Georgia* test requires the Court to consider whether Congress's abrogation of sovereign immunity in the ADA nevertheless extends to the alleged misconduct.[50] The State has not shown (or made any effort to show) that Congress's abrogation of sovereign immunity with respect to Title II of the ADA does not validly extend to the alleged conduct underlying Plaintiff's ADA claims.[51] Accordingly, the Court will deny the State's motion to dismiss those claims.

## II.     Plaintiff's RA Claim

Section 504 of the Rehabilitation Act provides, in part:

No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to

---

[49] *See* Docket 24 at 5 ("Since Congress only abrogated state sovereignty as to claims for violations of substantive provisions of the Fourteenth Amendment under Title II of the ADA, not the Fourth Amendment, plaintiff's claims under Title II of the ADA based on violations of the Fourth Amendment are barred.").

[50] See, e.g., *Mohney v. Pennsylvania*, 809 F. Supp. 2d 384, 398 (W.D. Pa. 2011) ("Title II, as applied to cases involving the interaction between law enforcement personnel and mentally disabled individuals, is a valid exercise of Congress' authority pursuant to Section 5 of the Fourteenth Amendment.").

[51] *See, e.g., Bobbit v. Marzan*, No. 16-cv-2042-AT-OTW, 2018 U.S. Dist. LEXIS 120180, at *10 (S.D.N.Y. July 17, 2018) ("The mere fact that Defendants' conduct does not violate the Fourteenth Amendment, therefore, does not automatically entitle the State Defendants to sovereign immunity. They must also make a showing that Congress's abrogation of sovereign immunity with respect to specific conduct underlying Plaintiff's ADA claims is invalid.").

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re State of Alaska's Motion to Dismiss
Page 11 of 13
Case 4:19-cv-00038-SLG   Document 40   Filed 06/19/20   Page 11 of 13

discrimination under any program or activity receiving federal financial assistance.[52]

The Ninth Circuit has held that "states are subject to suit in federal court under the Rehabilitation Act if they accepted federal Rehabilitation Act funds."[53] Plaintiff's Complaint alleges that the State of Alaska is a recipient of such funds.[54] The State responds only that "an issue remains as to whether the State received any such federal financial assistance."[55] Because Plaintiff has alleged facts that, if taken as true, establish the State's consent to suit under the RA, the Court will deny the State's motion to dismiss Plaintiff's RA claims.

In its reply brief, the State raises a separate challenge to Plaintiff's RA claim, contending that Plaintiff has failed to allege that discrimination under the RA was the sole cause of Mr. Eyre's death.[56] However, because Plaintiff did not have an opportunity to respond to this new ground for dismissal, the Court will not consider this argument.[57]

---

[52] 29 U.S.C. § 794(a).

[53] *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 819 (9th Cir. 2001), *amended by* 271 F.3d 910 (9th Cir. 2001).

[54] Docket 1 at 13, ¶ 66.

[55] Docket 24 at 5.

[56] Docket 24 at 5–6 (citing to *Shaikh v. Texas A&M Univ. Coll. of Med.*, 739 F. App'x 215, 222 (5th Cir. 2018); *CG v. Penn. Dep't of Educ.*, 734 F.3d 229, 236 n.11 (3d Cir. 2013)).

[57] *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re State of Alaska's Motion to Dismiss
Page 12 of 13
Case 4:19-cv-00038-SLG   Document 40   Filed 06/19/20   Page 12 of 13

### III. Plaintiff's Remaining Claims

Plaintiff does not allege that any of its remaining claims implicate an exception to the Eleventh Amendment; nor does the Court find that any exception applies.[58] Accordingly, the Court will grant the State's motion to dismiss the remaining claims against it. The Court further finds that any amendment to the Complaint as to these claims against the State would be futile; therefore, the dismissal of these claims will be with prejudice.[59]

## CONCLUSION

In light of the foregoing, Defendant State of Alaska's Motion to Dismiss at Docket 18 is GRANTED in part and DENIED in part as follows:

> The State of Alaska's Motion to Dismiss is GRANTED. Plaintiff's state law and 42 U.S.C. § 1983 claims against the State of Alaska are dismissed with prejudice.
>
> The State of Alaska's Motion to Dismiss Plaintiff's ADA and RA claims is DENIED.
>
> DATED this 19th day of June, 2020 at Anchorage, Alaska.
>
> <u>/s/ Sharon L. Gleason</u>
> UNITED STATES DISTRICT JUDGE

---

[58] In addition to state law claims, Plaintiff's remaining claims include those brought pursuant to state law and to 42 U.S.C. § 1983. The Supreme Court has held that "§ 1983 does not override a State's Eleventh Amendment immunity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989) (citing *Quern v. Jordan*, 440 U.S. 332, 350 (1979)).

[59] *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re State of Alaska's Motion to Dismiss
Page 13 of 13
Case 4:19-cv-00038-SLG   Document 40   Filed 06/19/20   Page 13 of 13