**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| KYLE EYRE, as Personal Representative of the ESTATE OF CODY EYRE,<br><br>      Plaintiff,<br><br>    v.<br><br>THE CITY OF FAIRBANKS, *et al.*<br><br>      Defendants. | Case No. 4:19-cv-00038-SLG |

**ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT AND REQUEST FOR ADDITIONAL TIME FOR DISCOVERY**

  Before the Court are two motions for summary judgment. At Docket 44 is a motion for summary judgment filed by defendants State of Alaska and Alaska State Troopers Elondre Johnson, Nathaniel Johnson, James Thomas III, and Christine Joslin. Defendant City of Fairbanks joined that motion at Docket 53. At Docket 48 is a motion for summary judgment filed by defendants Richard Sweet and Tyler Larimer. Plaintiff, the personal representative of the Estate of Cody Eyre, filed a response in opposition and Rule 56(d) request at Docket 50. Defendant State of Alaska and Troopers Johnson, Johnson, Thomas, and Joslin filed a reply at Docket 54. Defendants Sweet and Larimer joined the reply at Docket 55. Defendant City of Fairbanks joined the reply at Docket 56. Oral argument was not requested and

was not necessary to the Court's decision. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

When Plaintiff filed his opposition to the summary judgment motions in June 2021, fact discovery had not yet then closed. Plaintiff opposed the motions in part because, according to Plaintiff, the motions were premature because fact discovery had not been completed. Specifically, Plaintiff asserted that depositions of the involved law enforcement officers had not yet then occurred. Plaintiff added that he then anticipated completing the fact depositions of the individual officers before the close of fact discovery, which was September 20, 2021.[1] Plaintiff sought "time to complete fact and expert discovery to comprehensively assess the Individual Officers['] subjective mindsets and the objective facts underlying their actions in shooting Cody on Christmas Eve, 2019."[2] Plaintiff also contended that he needed "additional time to discern whether expert analysis may enhance or make clearer the video quality" of the dash-cam and body-cam footage.[3] Plaintiff cited Federal Rule of Civil Procedure 56(d) for the premise that a court may deny or defer consideration of a motion for summary judgment so as to allow time for the non-moving party to conduct discovery when the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential

---

[1] Docket 41 (Amended Scheduling Order) at 1; Docket 50-1 at 2.

[2] Docket 50 at 5.

[3] Docket 50 at 5.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motions for Summary Judgment and Request for Additional Time for Discovery
Page 2 of 6
Case 4:19-cv-00038-SLG   Document 65   Filed 11/09/21   Page 2 of 6

to justify its opposition[.]"[4] Plaintiff filed a declaration of counsel outlining the in-person depositions believed to be necessary.[5]

Defendants replied that in-person depositions are not necessary and that "[n]othing prevented the Estate from conducting the depositions of the defendant-officers in 2020 or the first half of 2021."[6] Defendants also maintained that "the officer's [sic] recollections immediately after and within a few days of the incident and long before any litigation was filed provide the best evidence of the events untainted by the litigation process."[7] This appears to be in reference to transcripts of interviews of the officers and affidavits of the officers filed by Defendants in support of their motions for summary judgment.[8] However, Defendants acknowledge that if depositions of the officers "would materially assist the Court with the resolution of the key issues surrounding the officers' use of deadly force, then the Court should defer ruling on the motion for summary judgment . . . and

---

[4] Docket 50 at 7–9; Fed. R. Civ. P. 56(d).

[5] Docket 50-1.

[6] Docket 54 at 4.

[7] Docket 54 at 5.

[8] *See* Dockets 45-1, 45-3, 45-4, 45-6, 45-7, 45-8, 45-9, 45-10, 45-19, 45-20, 45-21, 45-22, 45-23, and 45-24.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motions for Summary Judgment and Request for Additional Time for Discovery
Page 3 of 6
Case 4:19-cv-00038-SLG   Document 65   Filed 11/09/21   Page 3 of 6

permit only the limited discovery of the requested depositions for the specific issues identified in the Estate's declaration [of counsel]."[9]

A party opposing a motion for summary judgment by asserting that additional discovery is necessary should file a motion pursuant to Rule 56(d).[10] Although not filed as a separate motion, Plaintiff's opposition expressly requests additional time for discovery pursuant to Rule 56(d) and it includes the requisite declaration making clear what depositions are needed and what information is sought. In addition, Defendants' reply demonstrates that they treated the opposition as a discovery motion.

The Court finds that Plaintiff has shown through counsel's declaration that "it cannot present facts essential to justify its opposition."[11] Notably, it appears that, at least as of when the opposition was filed, Plaintiff's counsel had not yet deposed any of the involved law enforcement officers. Moreover, when Plaintiff filed the Rule 56 request for time to conduct additional discovery, the deadline for the close of fact discovery had not yet passed.[12] In the intervening months, Plaintiff

---

[9] Docket 54 at 6.

[10] *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986).

[11] Fed. R. Civ. P. 56(d); *see also Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (("Although Rule 56(f) [now Rule 56(d)] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'") (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, n.5 (1986)).

[12] *See* Docket 41 at 1 (Amended Scheduling and Planning Order). *Cf. Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1997) (noting it would be problematic if the district

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motions for Summary Judgment and Request for Additional Time for Discovery
Page 4 of 6
Case 4:19-cv-00038-SLG   Document 65   Filed 11/09/21   Page 4 of 6

should have been diligently conducting the necessary depositions in a timely manner.[13]  Further, the Court agrees with Defendants that in-person depositions should not be required so long as videoconferencing is available.  As to Plaintiff's requests regarding time to attempt to enhance the video and gather expert opinions, these are not discovery requests, and Plaintiff may pursue these avenues as he chooses.[14]

In light of the foregoing, IT IS ORDERED that Plaintiff's Rule 56(d) request for additional time to conduct discovery at Docket 50 is GRANTED.  The motions for summary judgment at Dockets 44 and 48 are DENIED WITHOUT PREJUDICE to their renewal after the fact depositions of the law enforcement officers have been concluded.  By **November 16, 2021,** the parties shall file a joint status report that addresses (1) when the depositions of Defendants Trooper Elondre Johnson, Trooper Nathaniel Johnson, Trooper James Thomas III, Trooper Christine Joslin, and Officers Richard Sweet and Tyler Larimer have been or will be completed; (2) whether the depositions have been or will be conducted in person or via

---

court had denied a discovery continuance before the cutoff date for discovery had passed).

[13] Plaintiff's counsel stated that depositions were expected to be completed by September 20, 2021.  Docket 50-1 at 2, ¶ 8.

[14] *See* Docket 50-1 at 3, ¶ ¶ 12, 15.

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motions for Summary Judgment and Request for Additional Time for Discovery
Page 5 of 6

Case 4:19-cv-00038-SLG   Document 65   Filed 11/09/21   Page 5 of 6

videoconference; and (3) when renewed motions for summary judgment will be filed.

DATED this 9th day of November, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:19-cv-00038-SLG, *Eyre v. City of Fairbanks, et al.*
Order Re Motions for Summary Judgment and Request for Additional Time for Discovery
Page 6 of 6
Case 4:19-cv-00038-SLG   Document 65   Filed 11/09/21   Page 6 of 6